IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Robert Peoples, former #270600, ) | C/A NO. 1:08-3977-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | **OPINION and ORDER** |
| ) | |
| Sgt. Karl Vonmutius; Capt. D. Nunnally; ) | |
| Lt. Kevin Williams; Ofc. Uriel Palmer; ) | |
| Ofc. Cox; Ofc. Mark Selby; Cpl. Albert ) | |
| Smith; Nurse Denise Norwood; Capt. ) | |
| William Brighthart; et al. All Ind. & Ofc. ) | |
| Capacities, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's motion for reconsideration. Dkt. #143 (filed Oct. 6, 2010). Defendants have responded in opposition. For the reasons below, Plaintiff's motion is **denied**.

Plaintiff argues that the court should reconsider its ruling on the use of gas inside Plaintiff's cell, the granting of summary judgment as to his claim of conspiracy, the placement of the spit mask, and his claim of not being able to wash the mace off his face. The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy

1

litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990). Plaintiff's arguments are, in reality, his attempt to reargue those issues already rejected. Therefore, as to these claims, Plaintiff's motion is denied.

Plaintiff also maintains that this court "fail[ed] to rule on plaintiff['s] claim of deliberate indifference to the excessive use of force." Mot. at 2. However, this claim is not presented in Plaintiff's Verified Complaint. As noted by the Fourth Circuit

> While pro se complaints may "represent the work of an untutored hand requiring special judicial solicitude," a district court is not required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." The "special judicial solicitude" with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed, and while this court liberally construes those pleadings made by *pro se* individuals, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.

*See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citations omitted).

For these reasons, Plaintiff's motion is **denied**.

**IT IS SO ORDERED**.

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 22, 2011