IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Robert Peoples, former #270600, | ) | C/A NO. 1:08-3977-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **OPINION and ORDER** |
| | ) | |
| Sgt. Karl Vonmutius and Capt. William Brighthart, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on various pre-trial motions filed by Plaintiff, including Plaintiff's motion for reconsideration and Plaintiff's response to this court's order regarding issuance of subpoenas.

**1. Motion to View Videotape Prior to Trial/Motion to Play Videotape During Trial** (Dkt. Nos. 187, 188)

Plaintiff has moved to review the original videotape prior to the beginning of trial and to play the videotape during trial. The original videotape is in custody of Defendant's counsel. Plaintiff may either make arrangements with defense counsel to review the videotape in counsel's office prior to trial, or he may review the tape in the courtroom prior to the commencement of trial on April 11. Additionally, Plaintiff may play the videotape during the presentation of his case. Therefore, Plaintiff's motions relating to the videotape are **granted**.

**2. Motion for Reconsideration** (Dkt. #186)

Plaintiff has moved for reconsideration of "an issue that was not responded to previously." Mot. at 1 (Dkt. #186, filed Apr. 4, 2011). Plaintiff seeks reconsideration of "the initial use of force that took place prior to the cell force movement team entering his cell [is] an issue that need[s] to

be reviewed by the jury." *Id*. Plaintiff contends that purported inconsistencies in Vonmutius' affidavit, and the Incident and Use of Force reports warrant reconsideration of this court's ruling that the use of chemical munitions inside his cell was reasonable. Plaintiff contends that there is a genuine issue of fact whether the cell force movement team used excessive force in entering his cell and extracting him, despite his alleged offer to back up to the door to be handcuffed. Essentially, Plaintiff seeks to prove that the initial entry into his cell violated the Eighth Amendment and, by inference, anything that occurred after that point was also a violation.[1]

Assuming Plaintiff's averment regarding his "offer" to back up to the door to be handcuffed is true, Plaintiff had previously told authorities that there "was no way he was giving up his property for an incident that took place the day before." Compl. at 8.[2] Plaintiff points to no South Carolina Department of Corrections (SCDC) policy, written or unwritten, which dictates that a force cell movement team should not be utilized if an inmate decides to comply with a directive after an initial refusal. Therefore, Plaintiff cannot show a genuine issue of material fact exists that the force used in the entry into his cell was anything other than "a good-faith effort to maintain or restore

---

[1]Plaintiff makes certain Due Process claims in his complaint relating to the actions of the team in entering his cell. *See* Comp. at 8. However, these contentions are without merit.

[2]Plaintiff "told Lt. Williams that he never threatened Nurse Frazier [sic] [on January 10, 2008] and . . . that [there] was no way he was giving up his property for an incident that took place the day before." Compl. at 8. Williams then "told his officers to suit up and roll on plaintiff." *Id*. Plaintiff avers that

> I offered to come to the door and be cuff[ed], but my defendants neglected [sic] my offer. They then got themselves into position and without giving me any directives to come to the door and be cuff[ed], my cell door was opened and defendants entered my cell and pulled me down to the ground.

Pl.'s Aff. at 2 (Dkt. # 82-1, filed Nov. 23, 2009).

2

discipline[.]" *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).[3]  Accordingly, the only constitutional violation which could have occurred was what happened once the members of the force cell movement team entered Plaintiff's cell. This court has already determined that the actions taken by officers inside the cell were a reasonable use of force in light of Plaintiff's resistence to being restrained and removed from his cell. For these reasons, Plaintiff's motion for reconsideration is **denied**.

---

[3]Additionally, even if the entry of the force cell movement team into Plaintiff's cell somehow violated the Eighth Amendment, the individuals involved would still be entitled to qualified immunity. Determining whether an official would be entitled to qualified immunity generally requires a two-step inquiry. *See generally Pearson v. Callahan*, 555 U.S. ____ , 129 S. Ct. 808 (2009). The court must determine whether, taken in the light most favorable to the plaintiff, the facts alleged show that the official's conduct violated a constitutional right. *Parrish v. Cleveland*, 372 F.3d 294, 301-02 (4th Cir. 2004). If the facts, so viewed, do not establish a violation of a constitutional right, the inquiry ends, and the plaintiff cannot prevail. *Id*. If the facts do establish such a violation, however, the court must determine whether the right violated was clearly established at the time of the alleged offense. *Id*. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Id*. "If the right was not clearly established in the specific context of the case –that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted –then the law affords immunity from suit." *Id*. (citations and quotations omitted). "Fourth Circuit precedent is one source for determining whether the law was clearly established at the time of the alleged violation." *Vathekan v. Prince George's County*, 154 F.3d 173, 179 (4th Cir. 1998); *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 251 (4th Cir. 1999) (quoting *Jean v. Collins*, 155 F.3d 701, 709 (4th Cir.1998) (en banc)) ("In determining whether a right was clearly established at the time of the claimed violation, 'courts in this circuit [ordinarily] need not look beyond the decisions of the Supreme Court, this court of appeals, and the highest court of the state in which the case arose . . . .'"). There is no case law which would show that it is a violation of Plaintiff's Eighth Amendment rights for a force cell movement team to enter his cell after he told authorities he would not comply with their directive, even if he later purportedly acquiesced to their demand. If Plaintiff had wanted to comply, he could have laid on the floor to be handcuffed instead of continuing to resist.

3

**3. Plaintiff's Response to Court Order re: Issuance of Subpoenas** (Dkt. # 189)

Plaintiff has responded to this court's order regarding the issuance of subpoenas for certain witnesses he wishes to call in his case. Specifically, Plaintiff seeks the waiver of fees relating to subpoenas he wishes to have issued for Uriel Palmer, Mark Selby, McKither Bodison, Adrian Martell, Abigail McCollum, Dr. Lemon, Roberta Kinson, Jean Randall, and Matthew Cox. For the reasons below, the court grants in part and denies in part Plaintiff's request for the waiver of fees and mileage payments.

**Bodsion, Martell, McCullum, Kinson, Randall**: These individuals were not involved in the incident. Plaintiff has not indicated why their testimony is necessary for Plaintiff to try his case. Therefore, as to these individuals, the court **denies** Plaintiff's request for waiver of the witness fees and mileage.

**Dr. Lemon**: Plaintiff seeks the waiver of fees relating to a subpoena issued to Dr. Lemon because "Dr. Lemon will be able to testify regarding the effects that chemical munition [has] on a person [sic] eyes if exposed to[o] long. He will also be able to testify how my eyes were damage[d] from this incident." Resp. at 2 (Dkt. #189, filed Apr. 4, 2011). However, the court had found that the use of gas inside the cell did not violate the Eighth Amendment. Therefore, any testimony which Dr. Lemon might offer does not have any relevance to the claim remaining for trial. Therefore, Plaintiff's request for waiver of the witness fee and mileage relating to a subpoena for Dr. Lemon is **denied**.

**Palmer, Selby, Cox**: These individuals, who were dismissed from this action on September 21, 2010, were on the force cell movement team. Plaintiff contends that their testimony is necessary as they will testify as to what occurred during the incident. The court understands that defense

4

counsel is endeavoring to contact Selby and Cox and will, if possible, have them available for trial. Therefore, because Defendants have agreed to make these individuals available for trial, the issuance of subpoenas for these individuals is not necessary. As to Palmer, the court finds that the waiver of fees and mileage is appropriate. The Clerk shall issue a subpoena for Palmer, and provide the subpoena to the United States Marshal with the appropriate accompanying forms for service. The Marshal is directed to endeavor to serve this subpoena no later than 10:00 a.m., Monday, April 11, 2011, and shall report to this court by Noon of that same day of its efforts.

As to the remaining individuals for whom Plaintiff seeks the waiver of fees and mileage, the Clerk is directed not to issue subpoenas for the attendance of these individuals at trial absent further order of this court or Plaintiff's tender of the witness and mileage fees as are required by Rule 45(b)(1).

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 5, 2011